UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2025

YUN CHAN,

      Petitioner,

-against-

JUDITH ALMODOVAR, et al.,

      Respondents.

25-CV-07492 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

  On September 10, 2025, the Government submitted a letter (Dkt. No. 23) informing the Court that Petitioner Yun Chan was detained at the Nassau County Correctional Center in East Meadow, New York, at the time his habeas petition (Dkt. No. 1) was filed. Accordingly, the Government asks that the Court transfer this matter to the Eastern District of New York. *See* Dkt. No. 23. Petitioner Chan, through counsel, consents to this request. Both the Government and Petitioner Chan agree that the Court may, and should in this matter, extend its Order (Dkt. No. 21) enjoining the Government from removing Petitioner Chang from the continental United States of America unless and until the transferee court orders otherwise. The Government and Petitioner Chan dispute, however, whether the Court has habeas jurisdiction to enjoin Immigration and Customs Enforcement ("ICE") from transferring Petitioner Chan outside of the Eastern District of New York ("EDNY").

  The All Writs Act, 28 U.S.C. § 1651(a), permits the Court to "fashion extraordinary remedies when the need arises" to protect a court's jurisdiction over a habeas petition. *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). The Court "must be guided by the general principles underlying [the Supreme Court's] habeas corpus jurisprudence" in considering whether to fashion such extraordinary remedies. *Calderon v. Thompson*, 525 U.S. 538, 554 (1998).

  Pursuant to the All Writs Act, the Court will enjoin ICE from removing Petitioner Chan from EDNY unless and until the transferee court orders otherwise. Absent an order enjoining the removal of Petitioner from EDNY, it is possible ICE will transfer Petitioner Chan to an entirely new district before a judge in EDNY can issue appropriate emergency relief. This would raise an issue about whether a judge sitting in EDNY can exercise subject matter jurisdiction over Petitioner Chan's habeas petition. And this would "needlessly prolong" resolution of the matter, in contravention of Supreme Court precedent instructing district courts to exercise habeas jurisdiction to aid in the timely resolution of habeas matters. *Shoop v. Twyford*, 596 U.S. 811, 821. Furthermore, the Government fails to explain why the Court has jurisdiction to enjoin ICE from removing Petitioner from the continental United States, but not from the district in which he is currently incarcerated. An order enjoining Petitioner Chan's removal from EDNY does not require the Government to release or otherwise change the status of Petitioner Chan's conditions of incarceration. It expressly does the opposite and orders the Government to maintain his

conditions of confinement as is (including the location thereof) pending an order from the transferee court.

The equities of the case also strongly favor an order enjoining Petitioner Chan's removal from EDNY until the parties can be heard by a judge in EDNY. It maintains the status quo. It ensures pro bono counsel may continue to meet and confer with Petitioner Chan. And any prejudice to the Government is miniscule because such an order will affect the Government for only the brief interval of time between the entering of this order and a forthcoming order by the transferee court.

Accordingly, for the reasons stated above, it is hereby ORDERED that:

(1) The Clerk of Court is respectfully direct to transfer this matter to the Eastern District of New York. Consistent with the Government's request, the Clerk of Court is further respectfully directed to transfer this matter immediately, without regard for Local Civil Rule 83.1.

(2) Defendants are ENJOINED from removing Petitioner Chan from the continental United States of America unless and until the transferee court orders otherwise.

(3) Defendants are ENJOINED from removing Petitioner Chan from the Eastern District of New York unless and until the transferee court orders otherwise.

(4) To avoid unnecessary delay, unless and until the transferee court orders otherwise, the briefing schedule described in Dkt. No. 21 shall remain in effect.

(5) To limit any potential delay, the Court will also forward this Order and the parties' letters preceding it to the judge on Part I Duty in the EDNY today, Judge Rachel Kovner, in the event either party wishes to make an emergency application related to this Order.

Dated: September 11, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge